IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TARY HOLCOMB,<br>　　Petitioner,<br><br>VS.<br><br>REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>　　Respondent. | §<br>§<br>§<br>§ 　Civil Action No. 4:11-CV-152-Y<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. Parties

Petitioner Tary Holcomb, Reg. No. 39075-039, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. Procedural History

In December 2005, pursuant to a plea agreement, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 1,000-3,000 kilograms of marijuana and was sentenced to a 120-month term of imprisonment in the United States District Court for the Eastern District of Michigan, Detroit Division. (Resp't App. at 15) Petitioner did not appeal the judgment, but he did seek postconviction relief in the convicting court *via* a § 2255 motion, which was denied, and a writ of error coram nobis, which remains pending. (*Id.* at 1) *See United States v. Holcomb*, PACER, Case Locator, Criminal Docket for Case No. 2:04-80642-PDB-RSW-1. Petitioner filed this petition in this district, where his is currently confined.

## D. Discussion

Petitioner raises four grounds, wherein he seeks to withdraw his guilty plea on the basis of ineffective assistance of trial counsel, actual innocence as to the weight of the marijuana, a miscarriage of justice, and illegal detention. (Pet.) Respondent has filed a response requesting dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 3-6)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A petition for writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 provides that a prisoner may file a writ of habeas corpus only if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim

was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack*, 218 F.3d at 452.

Petitioner has not demonstrated that his claims are based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, that he was foreclosed by existing precedent from raising his claims at the time of his trial or his first 2255 motion, or that he is actually innocent of the crime of conviction. Having had adequate and effective opportunities to assert the instant claims, petitioner may not proceed to do so under this court's § 2241 jurisdiction.

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

3

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 29, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August 29, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __8__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE